**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

**ERGON - WEST VIRGINIA, INC.**                                                   **PLAINTIFF**

**VS.**                                          **CIVIL ACTION NO.:3:06CV714WA**

**DYNEGY MARKETING & TRADE**                                           **DEFENDANT**

## ORDER

This matter came before the Court on the Defendant's Motion to Consolidate, by which it seeks an order consolidating this case with the case styled *Ergon Refining, Inc. v. Dynegy Marketing & Trade*, Civil Action No. 3:06cv715JS. The Plaintiff objects to the Motion. Fed. R. Civ. P. 42(a) permits consolidation of actions involving common questions of law and fact. Reviewing the circumstances of these cases under that standard, the court is of the opinion that the Motion should be granted.

A review of the docket of each case shows that Ergon - West Virginia, whose principal office is at 2829 Lakeland Drive, Flowood, Mississsippi, and Ergon Refining, Inc., of the same address, both sued Dynegy Marketing & Trade in the Circuit Court of Rankin County on November 9, 2006. According to the Defendant's Rebuttal, the Plaintiff companies share the same registered agent, president, secretary, and treasurer. In each case, the basis for the cause of action was the failure to provide natural gas under a contract. Both Complaints allege that, on September 1, 2005, Dynegy notified the Plaintiff that it could not produce the contractually obligated quantity due to the effects of Hurricane Katrina. Both Complaints claim a similar notification on October 11, 2005, as a result of Hurricane Rita. Each Complaint further states that the Plaintiff was obliged to procure natural gas on the open market, as the result of Dynegy's failure to provide it, and each Complaint seeks

reimbursement of the costs to cover the shortfall. Dynegy argues that it has asserted events of force majeure as a defense in each case, that the contracts in both cases contain substantially identical force majeure clauses, and that the interpretation of the contracts in both cases is governed by Texas law.

In opposition to the Motion, the Plaintiff argues that the parties are separate and distinct, and that the contracts in these cases were each separately negotiated by different entities. Ergon also argues that factual distinctions exist between the cases as to the different pipelines, delivery points, and suppliers. Thus, it contends, consolidation of these cases could confuse the issues and possibility prejudice Ergon.

The court has reviewed the Motion and related pleadings and is of the opinion that it should be granted. The parties and the issues are substantially similar, and the cases are at the same stage in litigation. Therefore, the court finds that the interests of the parties, as well as the court, would be served by consolidating these matters. This ruling does not prejudice the Plaintiffs' right to seek to sever the trials of its claims against each Defendant, should circumstances develop during the pretrial proceedings that would merit such a ruling pursuant to Fed. R. Civ. P. 42(b).

IT IS THEREFORE ORDERED AND ADJUDGED, that Civil Action Number 3:06cv714, entitled *Ergon- West Virginia, Inc. vs. Dynegy Marketing & Trade* and Cause Number 3:06cv715, entitled *Ergon Refining, Inc. vs. Dynegy Marketing and Trade* are hereby consolidated and that the style of the consolidated action will be *Ergon-West Virginia, Inc. v. Dynegy Marketing and Trade*, Civil Action Number 3:06cv714HTW-LRA.

IT IS SO ORDERED, this the 9th day of February, 2007.

                                                      S/Linda R. Anderson
                                      UNITED STATES MAGISTRATE JUDGE